# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YVONNE BAKER, | § § § | |
| *Plaintiff,* | § § | Civil Action No. SA-19-CV-522-XR |
| v. | § § | |
| WELLS FARGO USA HOLDINGS, INC., | § § § | |
| *Defendant.* | § § | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant's Motion to Dismiss (docket no. 4). Although Plaintiff did not respond, the Court will evaluate the motion and applicable law. After careful consideration, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff Yvonne Baker purchased the property at 8965 E. Loop 1604 S, Adkins, Texas, 78101. Docket no. 1-1 at 16. Plaintiff purchased this property with a Home Equity Loan of $78,001.79 issued by Defendant Walls Fargo USA Holdings, Inc., secured by a Texas Home Equity Security Instrument against this property. Plaintiff is apparently in default on the loan, a fact she does not dispute. Plaintiff alleges Defendant noticed a foreclosure sale for May 7, but she alleges she did not receive notice of this sale until she received inquiries from the District Clerk's office. *Id.* at 17.

On May 6, 2019, Plaintiff filed her petition in the 225th Judicial District Court of Bexar County, Texas. Plaintiff brings a claim for breach of contract and seeks an accounting and injunctive relief. *Id.* at 18. In state court, Plaintiff sought and received an ex parte Temporary Restraining Order that enjoined Defendant's planned sale. Defendant removed to this Court on

May 16. Docket no. 1. On May 30, Defendant filed the Motion to Dismiss now before the Court. Docket no. 4. Although Plaintiff's response deadline has passed, Plaintiff did not file a response.

## DISCUSSION

### I. Legal Standard

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### II. Application

#### a. Breach of Contract

Under Texas law, a breach-of-contract claim requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) that the defendant breached the contract; and (4) damages sustained by the plaintiff as a result of the breach. *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Plaintiff does not dispute that she is in default on the loan. Rather, Plaintiff alleges Defendant breached the loan agreement by "virtue of Defendant charging fees beyond those

allotted for in the contract, and by virtue of Defendant failing to provide Plaintiff with an accurate accounting of the amount Defendant claims is owed to it by Plaintiff despite repeated requests from Plaintiff for Defendant to provide such accounting." Docket no. 1-1 at 18.

However, "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached," *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014), and once that specific provision is identified, Plaintiff must state how it was breached by alleging enough facts to state a plausible breach-of-contract claim, *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015). Here, Plaintiff points to no specific provision in the loan agreement, and even if she had, her general allegations that Defendant charged improper fees and failed to provide a requested-for accounting do not state a plausible claim. Further, Plaintiff has not specifically identified any damages caused by Defendant's alleged breach, nor can the Court identify any such damages in the record, particularly because no foreclosure sale has been completed.

Thus, Plaintiff's claim for breach of contract fails.

  **b. Wrongful Foreclosure**

Last, Plaintiff alleges she "has not received any notice from either the Defendant or a substitute trustee" regarding the scheduled foreclosure sale. Docket no. 1-1 at 17. Under Section 51.002 of the Texas property code, notice of a foreclosure sale "must be given at least 21 days before the date of the sale by . . . . serving written notice of the sale by certified mail on each debtor," TEX. PROP. CODE. § 51.002(b), but "service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address," *id.* § 51.002(e). Thus, under Texas law, actual

3

receipt of a foreclosure notice is not required. *See Santiago v. Bank of New York Mellon,* 2017 WL 4946095, at *5 (Tex. App.—Dallas Nov. 1, 2017, no pet.).

It is irrelevant, then, that Plaintiff alleges she did not receive actual notice. To the extent Plaintiff means to base a cause of action on this lack of notice, courts construe Section 51 violations as claims for wrongful foreclosure, as Section 51 does not create a private right of action. *See, e.g., Burgos v. Wells Fargo Bank, N.A.*, No. 5:18-CV-23-DAE, 2018 WL 7288026, at *3 (W.D. Tex. May 18, 2018) ("Section 51.002 of the Texas Property Code, however, does not provide Plaintiffs with a private right of action.").

In Texas, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). There can be no wrongful foreclosure claim without foreclosure sale proceedings. *See Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) ("No sale took place here, as the state court granted an injunction to prevent the sale of the house. Without a sale of the house, there can be no viable wrongful foreclosure claim under Texas law."). This claim also fails, then, because no foreclosure sale has been completed.

   c. **Accounting**

Plaintiff also appears to seek an accounting. Docket no. 1-1 at 18. "A suit for accounting is generally founded in equity," and whether to grant "an accounting is within the discretion of the trial court." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014) (quoting *Sw. Livestock & Trucking Co. v. Dooley*, 884 S.W.2d 805, 809 (Tex.App.—San Antonio 1994, writ denied)). An accounting is appropriate when "the facts and accounts presented are so complex adequate relief may not be obtained at law." *Id.* (quoting *T.F.W. Mgmt., Inc. v. Westwood Shores*

*Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex.App.—Houston [14th Dist.] 2002, pet. denied)). Here, Plaintiff has not shown that the facts at issue are complex or otherwise explained the need for an accounting, so the Court declines to order one.

### d. Injunctive Relief

Finally, Plaintiff seeks injunctive relief. Docket no. 1-1 at 18-19. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A*., 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet)). Since all of Plaintiff's substantive claims are dismissed, injunctive relief is not appropriate here.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (docket no. 4) is GRANTED. Should Plaintiff wish to pursue her claims, she is ORDERED to file an amended complaint by July 8, 2019. If Plaintiff does not file an amended complaint by this date, her claims will be dismissed. This case is to remain open pending Plaintiff's filing of an amended complaint.

It is so ORDERED.

SIGNED this 17th day of June, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE